PERSONALLY SERVED

STATE OF MINNESOTA            FILED            DISTRICT COURT
MINNEAPOLIS, MINN
COUNTY OF HENNEPIN     2017 JUL 21 AM 11:34     FOURTH JUDICIAL DISTRICT
CITY CLERK
DEPARTMENT

Meghan Christina Johnson,                         Court File No.:

       Plaintiff,

v.

                                         **COMPLAINT AND**
                                         **JURY DEMAND**
Officer Efrem Hamilton, in his
official and individual capacities
as a police officer for the
City of Minneapolis, and the
City of Minneapolis,

       Defendants.

---

The Plaintiff, Meghan Johnson, for her cause of action, states and alleges as follows:

1. This is an action for money damages for injuries sustained by Plaintiff as a result of the violation of her constitutional rights by the Defendant Efrem Hamilton in his official and individual capacities as a Minneapolis police officer. The Defendant's conduct violated Plaintiff's well-settled civil rights while acting under the color of state law. Defendant's conduct also violated the common laws of the State of Minnesota.

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and 28 U.S.C. §§ 1331 and 1343(3), as well as the common laws of the State of Minnesota.

**PARTIES AND VENUE**

3. Because all of the facts complained of arose in Hennepin County, Minnesota, this action properly lies in Hennepin County District Court.

1

Notice of Removal, Exhibit 2

4. At all times relevant to this action, Plaintiff was and is a citizen of the United States and a resident of Minnesota. Plaintiff is of the age of majority. At all times relevant to this action, Defendant was a duly appointed officer of the City of Minneapolis.

## FACTUAL ALLEGATIONS

5. On the evening of May 18, 2014, Plaintiff Meghan Johnson was in line with friends outside Bar Louie in Minneapolis.

6. Defendant Hamilton, along with Minneapolis police officer Stephane Courtois were on patrol in the area and observed a man in line with Plaintiff drinking what appeared to Defendant Hamilton to be alcohol. Plaintiff was not intoxicated, her gait was steady, and her speech was clear.

7. Defendant Hamilton claims he shined his flashlight on the back of the man's head to get his attention.

8. Defendant Hamilton claims that when confronted, the man suspected of consuming alcohol complained that everyone was doing it and walked back to the line of people awaiting entry, despite Hamilton's command to leave the bar area.

9. Defendant Hamilton claimed that the man refused to walk back to him when summoned, so he decided to arrest him.

10. Defendant Hamilton falsely claimed in his police report that Plaintiff then pushed his hands away from the gentleman in order to interfere with Hamilton's attempts to arrest him. That is patently false.

11. The only interaction Plaintiff had with Defendant Hamilton was to ask him where her friend was being taken. At no time did she make contact with Defendant Hamilton or say anything to interfere with Defendant's duties.

2

12. Despite the fact that Plaintiff had done nothing to interfere with Defendant Hamilton, he put his right hand on her breast and forcefully pushed her backwards in front of the crowd of people, causing her pain, extreme humiliation and distress.

13. Compounding his use of excessive force on the Plaintiff, Defendant then had his partner falsely arrest Plaintiff for Obstruction of Legal Process and transported her to the Hennepin County jail where she was booked and held.

14. Plaintiff was released from the Hennepin County jail and given an arraignment date. The phony charges lodged by Defendant Hamilton required Plaintiff to miss work for extended periods and return to court to fight the charges until they were finally dismissed.

## COUNT 1 – EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. 1983

Plaintiff re-alleges paragraphs 1-14 and further states:

15. Defendant violated Plaintiff's clearly established rights by using excessive and unreasonable force against a compliant, unarmed civilian who was not the legitimate suspect of any criminal activity. These actions constitute unreasonable search and seizure and excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States as well as the Minnesota Constitution.

16. As a direct and proximate result of the Defendant's illegal actions, Plaintiff suffered a deprivation of her bodily integrity and property, as well as pain, suffering, mental anguish and humiliation, as well as pecuniary loss.

Plaintiff demands relief as set forth below.

## COUNT 2 – FALSE ARREST IN VIOLATION OF 42 U.S.C. 1983

Plaintiff re-alleges paragraphs 1-16 and further states:

17. Defendant violated Plaintiff's clearly established rights by arresting and detaining her

3

without arguable probable cause. These actions constitute unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States as well as the Minnesota Constitution.

18. As a direct and proximate result of the Defendant's illegal actions, Plaintiff suffered a deprivation of her liberty and property, as well as pain, suffering, mental anguish and humiliation, as well as pecuniary loss. Plaintiff also had to make multiple court appearances to get the charges dismissed.

Plaintiff demands relief as set forth below.

### COUNT 3 – BATTERY

Plaintiff re-alleges paragraphs 1-18 and further states:

19. Defendant Hamilton did intentionally make harmful, non-consensual contact with Plaintiff, which resulted in real injury.

20. As a result of the actions of Defendant Hamilton, Plaintiff suffered pain, suffering, mental anguish and humiliation, as well as pecuniary loss.

21. Defendant City of Minneapolis is jointly and severally liable for the actions of the Defendant under the doctrines of agency and *respondeat superior*.

Plaintiff demands relief as set forth below.

### COUNT 4 – FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1-21 and further states:

22. By detaining Plaintiff against her will and without claim to legal authority, Defendant did falsely imprison Plaintiff within bounds determined by Defendant.

23. As a direct and proximate result of the false imprisonment, Plaintiff suffered pain, mental anguish, humiliation, pecuniary loss, and a loss of liberty.

4

24. Defendant City of Minneapolis is jointly and severally liable for the actions of the Defendant under the doctrines of agency and *respondeat superior*.

Plaintiff demands relief as set forth below.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment by a jury of her peers against the Defendants as follows:

a.  awarding Plaintiff compensatory damages against Defendants, and each of them, jointly and severally, in an amount in excess of $200,000;

b.  awarding Plaintiff punitive damages on all claims;

c.  awarding Plaintiff all of her costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. § 1988;

d.  reserving Plaintiff the right to amend her complaint;

e.  granting such other relief as the Court may deem just and equitable.

Dated: 7/17/17

Paul Applebaum (#223098)
First National Bank Building
332 Minnesota Street, Suite W-1610
Saint Paul, Minnesota 55101
(PH) (651) 222-2999
(FAX) (651) 223-5179

*Attorney for Plaintiff*

## ACKNOWLEDGMENT REQUIRED BY
## MINNESOTA STATUTE § 549.211

The party represented by the undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211, monetary and/or non-monetary sanctions may be imposed for claims made in violation of that statute.

Dated: 7/17/17

PAUL APPLEBAUM

_____
Paul Applebaum (223098)

6

Notice of Removal, Exhibit 2